# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 2:11-cr-71 |
| Christopher Alan Lancaster, | ) ) ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

An Amended Petition alleges that Christopher Alan Lancaster violated conditions of supervised release by using alcohol. On request of the chief district judge, this court held a hearing on that petition on December 4, 2017. At the hearing, Lancaster admitted to the violations charged.

The government recommends that Lancaster's supervised release be revoked, that he be sentenced to a term of custody of eight months, with credit for time served since November 20, 2017, and that no additional term of supervised release be ordered after completion of the term of custody. Lancaster asks that supervised release be continued and that he be ordered to complete an alcohol abuse treatment program. Alternatively, if supervised release is revoked, Lancaster urges that a term of custody be four months rather than eight months, and he asks for placement in a North Dakota correctional facility.

## Facts

Lancaster pled guilty to the crime of possession of a firearm by a convicted felon, and, in 2013, he was sentenced to a term of 60 months in custody, followed by a term of three years of supervised release.

1

Both charges in the current petition involve use of alcohol. The first incident occurred on November 16, 2017. The supervising probation officer had directed Lancaster to report to the Lake Region Residential Reentry Center (LRRRC) on that date, but when he did so, his blood alcohol concentration (BAC) was 0.17, and the LRRRC refused to accept him. The supervising probation officer then filed a petition, and a warrant was issued. The second incident occurred on November 19, 2017, when Lancaster was arrested on the federal warrant. At the time of his arrest, his BAC was 0.235.

At the hearing, Lancaster personally addressed the court and freely admitted his alcohol abuse and his need for help to deal with the disease. He said that he is "ready for help." He described situations he feels contributed to his relapse–his girlfriend was diagnosed with cancer, and he himself was the victim of a serious assault.

Prior to filing the current petition, the supervising probation officer had implemented several lesser measures to address Lancaster's alcohol abuse. When Lancaster told the supervising officer–two months after the incident–that he had been assaulted and, as a consequence of the assault, had contact with law enforcement, he acknowledged that he had consumed alcohol at the time he was assaulted. That admission, and other reports of Lancaster's alcohol use, led to an earlier petition. (Doc. #48). But, the earlier petition was dismissed without a hearing when Lancaster agreed to a placement at LRRRC.

Lancaster was at LRRRC from April 17, 2017 until June 19, 2017. While at LRRRC, Lancaster secured employment with a local farmer, obtained a residence, maintained sobriety, completed an engagement group, and received counseling. But,

Lancaster did not continue with counseling after release from LRRRC. Within a month after his release from LRRRC, Lancaster was again using alcohol. Consequently, the supervising probation officer arranged for electronic alcohol monitoring for two months, and Lancaster again did well. The supervising probation officer discontinued use of the alcohol monitoring device on October 31, 2017.

Within two weeks after the alcohol monitoring device was discontinued, Lancaster was using alcohol again. Consequently, the supervising probation officer ordered that he report to Lake Region Human Services Center (LRHSC) on November 16, 2017 for a substance abuse evaluation and that he report to LRRRC after the LRHSC evaluation. As discussed above, when Lancaster reported for the substance abuse evaluation, his BAC was 0.17. The supervising probation officer then filed a petition, and when Lancaster was arrested on November 19, 2017 because of the petition, his BAC was 0.235.

LRHSC completed the substance abuse evaluation on November 16th and recommended ASAM Level 3.1 low intensity residential treatment and mental health programming for Lancaster. ASAM's website describes Level 3.1 treatment:

> Called Clinically Managed Low-Intensity Residential Services, this adolescent and adult level of care typically provides a 24 hour living support and structure with available trained personnel, and offers at least 5 hours of clinical service a week. Level 3 encompasses residential services that are described as co-occurring capable, co-occurring enhanced, and complexity capable services, which are staffed by designated addiction treatment, mental health, and general medical personnel who provide a range of services in a 24-hour living support setting.

http://asamcontinuum.org/knowledgebase/what-are-the-asam-levels-of-care/.

The violation report states that Lancaster previously received substance abuse treatment in 2003, 2007, 2008, and 2010. The 2010 treatment is described as "intensive chemical dependency counseling," but details of the other treatment programs are not

included in the violation report. (Doc. # 64, ¶21). Thus, it is not clear how the Level 3.1 treatment now recommended compares with what Lancaster has received previously.

**Statutory Provisions and Sentencing Guidelines**

At the time of sentencing, Lancaster was in Criminal History Category VI. Under the policy statements of the sentencing guidelines, the violations to which Lancaster admitted are of Grade C. The policy statements recommend that, if supervised release of an individual in Category VI is revoked for a Grade C violation, that individual be sentenced to a term of custody of eight to fourteen months. U.S.S.G. § 7B1.4(a).

**Discussion**

In support of his request that supervised release not be revoked, Lancaster points to the fact that, apart from alcohol abuse, he has complied with conditions of supervised release. Neither of his admitted violations concerned any allegations of criminal activity. Lancaster was employed and reported at the hearing that he sometimes worked up to 100 hours per week when farm work needed to be done. But, his employer reported to the supervising probation officer that he had missed some work in November because of his alcohol use. (Doc. #64, ¶13). Additionally, a former girlfriend reported to the supervising probation officer that she had recently obtained a restraining order against Lancaster because of harassing and threatening phone calls, text messages, and voicemails.

In this court's view, Lancaster's hearing statements were sincere. He recognizes his need for alcohol abuse treatment and for help in dealing with his addiction. Given his current motivation for treatment, he can be given an opportunity to make financial arrangements for that treatment, and to participate in the recommended treatment

4

program. By successfully completing treatment, he would likely be able to return to gainful employment. If his supervised release term is continued, he would have additional motivation to maintain sobriety, knowing that another petition would be likely to result in revocation of supervised release.

## Recommendation

This court recommends that the district judge:

(1) find Lancaster violated conditions of supervised release as charged in the amended petition,

(2) order that Lancaster make arrangements for and complete a residential treatment program as LRHSC recommended, with the specific program to be approved by the supervising probation officer, and

(3) continue Lancaster's term of supervised release through it scheduled completion date.

Dated this 8th day of December, 2017.

                               */s/ Alice R. Senechal*
                               Alice R. Senechal
                               United States Magistrate Judge

## NOTICE OF RIGHT TO OBJECT[1]

Any party may object to this Report and Recommendation by filing with the Clerk of Court, no later than **December 18, 2017**, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. If the parties have no objection, they should advise the district judge so that an order may be entered prior to December 18, 2017. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.

---

[1] See Fed. R. Civ. P. 72(b); D.N.D. Civ. L.R. 72.1.